IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| TAMI BARRIER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 2:23-CV-00058-AM-JAC |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| *Defendant*. | § | |

## SECOND AMENDED COMPLAINT

Plaintiff TAMI BARRIER brings this complaint under the Federal Tort Claims Act, 28 U.S.C. §2674.  Plaintiff complains of the United States of America and would show the following:

### PARTIES

1.1.    This case arises out of bodily injuries caused by a United States employee, specifically an employee of the United States Customs and Border Protection (USCBP), when the employee accelerated his vehicle into Plaintiff, who was a pedestrian, causing injuries to Plaintiff. The USCBP is an agency within the Department of Homeland Security, a Cabinet agency of the United States of America.

1.2.    Plaintiff is TAMI BARRIER.  Plaintiff is a citizen of the United States and resides in Carrollton, Denton County, Texas.

1.3.    Defendant is the United States of America.  USCBP employee Roberto Duran, at all times relevant to this lawsuit, was an active employee of the USCBP, an agency within the Department of Homeland Security, a Cabinet agency of the United States of America. USCBP employee Roberto Duran was within the course and scope of his employment at all times relevant hereto.

1

**JURISDICTION, SERVICE, & VENUE**

1.4.    The Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680, commonly known as the Federal Tort Claims Act (FTCA).

1.5.    The United States of America has been served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure and appeared herein.  Further service may be had through their attorneys of record.

1.6.    Venue is proper in this district under 28 U.S.C. § 1402(b) because the event that is the basis of this suit occurred in Del Rio, Texas.  Del Rio, Texas is in the Western District of Texas.

**FEDERAL TORT CLAIMS ACT**

1.7.    This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§ 2671-2680, the FTCA.  Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts, and/or omissions of employees and/or agents of the United States of America working for the USCBP while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

1.8.    At all times, Roberto Duran and all persons involved in supervising Roberto Duran were agents, servants, or employees of the United States of America or its agency and were in all material times acting within the course and scope of their employment.

**CONDITIONS PRECEDENT**

1.9.    Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth here were filed with and presented administratively to the following: Department of Homeland Security; Office of Chief Counsel for the U.S. Customs and Border Protection; U.S. Customs and Border Protection, Del Rio Station and Del Rio Sector Headquarters; and Liliana Flores, Port of Entry Port Director for Del Rio, Texas.  Delivery of notice on all above recipients was performed on or by April 13, 2023.  As of, November 3, 2023, Plaintiff has received no response.  This is more than six (6) months between notice and the filing of this suit.

1.10    "28 U.S.C. § 2675(a), provides that if the federal agency fails to make a final decision on a claim - within six months of receiving the claim - the plaintiff has the option 'any time thereafter' to deem the claim as constructively denied ('deemed denial').  With the deemed denied claim, a plaintiff may immediately file suit in a district court and the only statute of limitations would be the general six year statute of limitations that applies to claims made against the Government when there is no specific applicable statute of limitations." Ramirez v. United States, 410 F. Supp. 3d 824, 834.  Accordingly, the timing of this suit is correct because Plaintiff's claim is deemed denied.

**FACTS**

1.11.    This is a Federal Torts Claims Action for monetary damages sustained by Plaintiff, arising out of Plaintiff's injuries as a result of the negligent operation of a vehicle driven by Roberto Duran, an employee of Defendant.

1.12.    On December 2, 2021, Roberto Duran was driving a red Toyota pickup, exiting the Del Rio U.S. Customs and Border Protection Station in Del Rio, at 2300 US-90, Del Rio, Texas 78840 ("Del Rio Station").

1.13    Plaintiff TAMI BARRIER was part of a group of a delegation that visited our southern border to bring supplies to local law enforcement, and document their actions through video.  On the way to the airport after delivering supplies, the group stopped at the Del Rio Station.  There, they asked permission to film and document the outside of the facility.

1.14    Plaintiff was standing near the entrance of the Del Rio Station when  Roberto Duran stopped his vehicle near Plaintiff, then accelerated the vehicle as it headed towards Plaintiff.  Plaintiff was then struck by Roberto Duran's pickup truck. Roberto Duran left the scene of the accident.

1.15    At the time of the incident, agent Duran was performing his job duties.  Agent Duran was an employee of the US Border Patrol Agency, which was the entity solely responsible for his compensation.  His job duties for the Agency were split between doing work for the Border Patrol Union (80% of this time) and more traditional Border Patrol work (20% of this time).  Agent Duran has the ability to begin and end his day at his discretion.  He would not clock in or clock out each day like most US Border Patrol Agents; rather, he would begin his day typically at his home, at the time he would choose.  He would then submit the hours he purported to seek compensation for at the end of a two week pay period.  Also, he was not compensated for all of the work he performed for the Union, but he would perform those duties nonetheless.

1.16    At the time of the accident, Roberto Duran was leaving the Del Rio Station to go to the Border Patrol Union Hall.  Approximately twenty-four to forty-eight hours prior to the incident, Agent Duran was directed by his superior, Border Patrol Agent Jonathan Anfinsen, to meet some people at the Border Patrol Union Hall on December 2, 2021 at 4:00 PM.  The purpose of the meeting was to open the doors of the Border Patrol Union Hall and receive donations from the group.  Agent

Duran had the discretion and authority to be compensated for the time it took for this meeting, or not, by the US Border Patrol.

1.17    The aforementioned incident took place on the property of the United States Border Patrol. Specifically, it occurred outside the gate, but before the public street, which would be considered part of the Del Rio Station. Agent Duran was in uniform at the time of the incident. He was leaving the Del Rio Station to go to Union hall, as directed by his superior, for a meeting scheduled for Agent Duran by his supervisor. The meeting was part of this job duties for the US Border Patrol. He could have chosen to include the time he spent leaving the facility and meeting with these individuals as the time he was compensated, or not. For these and other reasons, Agent Duran was in the course and scope of his employment at the time of the incident.

1.18    Plaintiff TAMI BARRIER suffered personal injuries as a result of this impact. Plaintiff TAMI BARRIER subsequently underwent medical assessments and treatments of her injuries at Arlington Orthopedic Associates, followed by various providers for physical therapy and rehabilitation.

1.19    Roberto Duran did not exercise reasonable care when he caused this pedestrian-vehicle collision by accelerating his vehicle into Plaintiff. Roberto Duran failed to exercise reasonable care and act as a reasonable and prudent individual would in similar circumstances when he violated several traffic laws.

**CAUSE OF ACTION**

1.20.    Through its employees, agents, or servants, the Defendant, United States of America, was negligent in one or more of the following respects.

1.20.1.    In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

1.20.2.    In failing to timely apply the brakes to his vehicle in order to avoid the collision in question.

1.20.3.    In failing to keep his vehicle under proper control so as to avoid the collision in question.

1.20.4.    In failing to operate his vehicle in a safe manner and with due regard for the rights of others.

1.20.5.    In failing to yield the right of way or take such other evasive action so as to avoid the collision in question.

1.20.6.    In failing to sound his horn or warn the Plaintiff in any other manner of Roberto Duran's inability to stop.

1.20.7.    In failing in his duty to use the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those faced by Roberto Duran.

1.21.    Roberto Duran's actions rise to the level of recklessness due to his conscious indifference and reckless disregard for the safety of others. Roberto Duran's conscious action to accelerate his vehicle into Plaintiff was more than a lapse of judgment, it was an act in which Roberto Duran knew or should have known posed a high degree of risk of serious injury.

1.22.    At all times, the employee, agent, and/or representative, Roberto Duran of the United States Government was negligent and caused the injuries sustained by Plaintiff.

### DAMAGES

1.23.    As a direct and proximate result of Defendant's negligent acts or omissions, Plaintiff suffered injuries, specifically to her right wrist, right hip, right arm, ribs, and back; these injuries would not have occurred otherwise. Plaintiff TAMI BARRIER pleads for all damages available under Texas state law, federal law, and equity, including:

1.23.1.    Past and future pain and suffering;

1.23.2.    Past and future mental anguish;

1.23.3.        Past and future physical impairment and disability;

1.23.4.        Past and future physical disfigurement;

1.23.5.        Out-of-Pocket expenses;

1.24.    Plaintiff TAMI BARRIER pleads for all other damages, pecuniary or otherwise, arising out of law or equity, that they may be justly and equitably entitled to, in the wisdom of the Court.

**PRAYER**

Plaintiff TAMI BARRIER requests that Defendant be cited in terms of law to appear and answer this Complaint; that upon final trial, Plaintiff have judgment against Defendant, for the amount of actual damages and for other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other relief, at law and in equity, both general and special, to which Plaintiff may show herself entitled to and to which the Court believes her deserving.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff TAMI BARRIER, asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

LIGGETT LAW GROUP, P.C.
3217 34th Street
Lubbock, Texas 79410
Telephone: (806) 744-4878
Facsimile: (806) 744-4879


By:  */s/ Dustin R. Burrows*
   DUSTIN R. BURROWS
   SBN: 24048375
   dustin@liggettlawgroup.com

   TED A. LIGGETT
   SBN: 00795145
   ted@liggettlawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

This certifies that a true and correct copy of the above document has this the 31st day of May, 2024 been served on all parties of interest as follows:

Darryl S. Vereen
*Assistant United States Attorney*
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597
darryl.vereen@usdoj.gov

   */s/ Dustin R. Burrows*
   ATTORNEY FOR PLAINTIFF

8